IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHNNIE COX, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:18-cv-00054 |
| TRUE VALUE COMPANY, LLC and RYDER INTEGRATED LOGISTICS, INC., | § § § § | |
| Defendants. | § § | |

DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE AND CLERK OF THE COURT:

COMES NOW Defendant Ryder Integrated Logistics, Inc. ("Ryder") and files its Notice of Removal. As grounds for removal, Ryder respectfully shows the Court as follows:

1. On or about June 18, 2018, an action was commenced in the 267th Judicial District Court, Victoria County, Texas, styled, "Johnnie Cox v. True Value Company, LLC and Ryder Integrated Logistics, Inc." as Cause No. 18-06-82847-C, hereinafter referred to as the "State Court Action").

2. Ryder was served with process through its registered agent and received a copy of Plaintiff's Original Petition and Request for Disclosure, and Citation on June 22, 2018. See Ex. A-1, Certificate of Service/Citation to Ryder. Therefore, in accordance with 28 U.S.C. §1446(b)(1), this Notice of Removal is timely filed within 30 days after Ryder's receipt of Plaintiff's pleading setting forth the grounds upon which removal is based.

3. Defendant True Value Company, LLC ("True Value") was served with process through its registered agent and received a copy of Plaintiff's Original Petition and Request for

DEFENDANT RYDER INTEGRATED LOGISTICS, INC.'S NOTICE OF REMOVAL – Page 1

Disclosure, and Citation on June 22, 2018, but has not entered an appearance in the State Court Action. See Ex. A-2, Certificate of Service/Citation to True Value.

4. True Value has consented to the removal of the State Court Action to Federal Court, satisfying the "unanimity requirement" of 28 U.S.C. § 1446(2)(A). True Value's written notice of consent is attached hereto as Ex. B.

5. In Plaintiff's Original Petition, Plaintiff has asserted negligence claims against Defendants and is seeking monetary relief of $100,000. See Ex. C-1, Plaintiff's Original Petition, p. 2, ¶5.

6. Upon information and belief, Plaintiff is a resident of Freestone County, Texas and therefore is a citizen of the State of Texas for purposes of diversity jurisdiction.

7. Defendant Ryder was at the time the State Court Action was filed and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Delaware and its principal place of business is located in Miami, Florida. Accordingly, Defendant Ryder is not a citizen of the State of Texas for purposes of diversity jurisdiction.

8. Defendant True Value was at the time the State Court Action was filed and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Delaware and its principal place of business is located in Chicago, Illinois. Accordingly, Defendant True Value is not a citizen of the State of Texas for purposes of diversity jurisdiction.

9. Since this lawsuit is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1). Therefore, the State Court Action may be removed in accordance with 28 U.S.C. §1441(b).

10. Under 28 U.S.C. §1441(a), venue of a removed action is proper in the district and division embracing the place where the state court case is pending. Since the State Court Action is currently pending in the 267th Judicial District Court, Victoria County, Texas, removal to the United States District Court for the Southern District of Texas, Victoria Division, is proper.

11. In accordance with Local Rule 81 of the United States District Court for the Southern District of Texas and 28 U.S.C. §1446(a), the following are appended as exhibits:

Exhibit A – All executed process in this case.

Exhibit B – True Value Company, LLC's consent to removal

Exhibit C – Pleadings asserting causes of action and all answers to such pleadings.

Exhibit D – Victoria County District Court Case Summary (Docket Sheet).

Exhibit E – Index of matters being filed.

Exhibit F – A list of all counsel of record, including addresses, telephone numbers, and parties represented.

12. As required by 28 U.S.C. §1446(d), Ryder will give written notice to Plaintiff of this Notice of Removal. A Notice of Removal to Federal Court, including a copy of this Notice of Removal and the exhibits appended hereto, will be filed with the Clerk of the 267th Judicial District Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Ryder Integrated Logistics, Inc. requests that the Court assume full jurisdiction of this cause as if it had been originally filed in this Court, that further proceedings in the State Court Action be stayed, and for such other and further relief, at law or in equity, general or special, to which Ryder may be justly entitled.

Respectfully submitted,

By: /s/ William O Ashcraft
    William O Ashcraft, Esq.
    Attorney-in-Charge
    State Bar No. 01372800
    Southern District Bar No. 11654

    ASHCRAFT LAW FIRM
    3850 Republic Center
    325 North St. Paul Street
    Dallas, Texas 75201
    Telephone: (214) 987-0660
    Facsimile: (214) 987-3847
    Email: woa@ashcraftlawfirm.com

    ATTORNEYS FOR DEFENDANT
    RYDER INTEGRATED LOGISTICS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Ryder Integrated Logistics, Inc.'s Notice of Removal was served via the electronic case filing system upon all counsel of record on the 19th day of July 2018, as follows:

Gavin M. Lane, Esq.
LAW OFFICES OF ZIMMERMAN, ZIMMERMAN,
  COTNER, LEJEUNE, RESSETAR & BENNETT
3501 West Waco Drive
Waco, Texas 76710
glane@zlawhelp.com

    /s/ William O Ashcraft
    William O Ashcraft