Filed 6/18/2018 4:33 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

NO. **18-06-82847-C**

| | | |
|---|---|---|
| JOHNNIE COX, <br> Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| V. | § § | VICTORIA COUNTY, TEXAS |
| TRUE VALUE COMPANY, LLC and RYDER INTEGRATED LOGISTICS, INC. <br> Defendant. | § § § § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Johnnie Cox, Plaintiff herein, complaining of and about True Value Company, LLC and Ryder Integrated Logistics, Inc., Defendants herein, who was acting in conformity with the allegations in this Petition and for cause of action would show unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 1 of the *Texas Rules of Civil Procedure*.

#### PARTIES AND SERVICE

2. Plaintiff Johnnie Cox is an individual residing in Fairfield, Freestone County, Texas. The last three (3) digits of Plaintiff's social security number are 478.

3. Defendant True Value Company, LLC is a foreign limited liability company and is sued under all of its assumed or trade names pursuant to TEX. R. CIV. P. 28. Defendant may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

**EXHIBIT C-1**

4.     Defendant Ryder Integrated Logistics, Inc. is a foreign for-profit corporation and is sued under all of its assumed or trade names pursuant to TEX. R. CIV. P. 28. Defendant may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent: Corporate Creations Network, Inc. 2425 W Loop South #200, Houston, Texas 77027. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

5.     Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

6.     The subject matter in controversy is within the jurisdictional limits of this Court.

7.     This Court has jurisdiction over both Defendants because they are a limited liability company and a corporation, respectively, that purposely availed itself of the privilege of conducting activities in the State of Texas and establish minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.     In addition, and in the alternative, Plaintiff would show that Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

9.     In addition, and in the alternative, Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the State of Texas, conferring specific jurisdiction with respect to said Defendants.

10.    Venue in Victoria County is proper in this cause under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this


lawsuit occurred here.

11. All conditions precedent have been met or have occurred.

## FACTS

12. On or about March 15, 2017, Plaintiff was in the course and scope of his employment as an employee with Defendant Ryder as a driver. As part of his duties as a driver with Defendant Ryder, Plaintiff would drive a tractor-trailer to locations owned and operated by Defendant True Value to pick up goods to be delivered to various locations. On the date listed above, Plaintiff had picked up goods from a location owned by Defendant True Value in Corsicana, Texas and was told to deliver the goods to a McCoy's location in Victoria, Texas. All of the goods had been loaded and prepared by employees of Defendant True Value. When Plaintiff reached Victoria, Texas, he began to offload the goods using only a manual pallet jack as he was instructed to do by both Defendants. Some of the goods prepared by Defendant True Value were placed on pallets and stacked double-high. As Plaintiff was attempting to complete this task, he injured his back. Due to Defendant's employee's negligence, Plaintiff sustained serious bodily injury.

## RESPONDEAT SUPERIOR

13. Under the doctrine of *respondeat superior*, Defendants are vicariously liable for the actions of its employee(s) who were acting within the course and scope of their employment with Defendant.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANT RYDER

14. Plaintiff alleges that Defendant Ryder was negligent and in violation Texas Law requiring every employer to furnish and maintain employment in a place of employment which shall be reasonably safe and healthful for employees. Every employer shall install, maintain and use such methods, processes, devices and safeguards, including sanitation and hygiene, as are reasonably necessary to render safe such employment and place of employment.

15. Defendant Ryder had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. The personal injuries of Plaintiff were proximately caused by Defendant Ryder's negligent, careless and reckless disregard of said duty.

17. The negligent, careless and reckless disregard of duty of Defendant Ryder, consisted of, but is not limited to, the following acts and omissions:

   a. In that Defendant Ryder failed to provide a reasonably safe place to work for employees such as Plaintiff;

   b. In that Defendant Ryder failed to provide the necessary safety equipment and/or instrumentalities in order for employees such as Plaintiff to complete their jobs safely;

   c. In that Defendant Ryder failed to properly maintain its equipment; and

   d. In that Defendant Ryder failed to provide Plaintiff with the tools necessary to do his job safely.

18. Each of such acts and omissions by Defendant Ryder, singularly or in combination with others, constituted negligence which proximately caused the occurrence and the personal injuries which Plaintiff suffered.

### DEFENDANT RYDER IS A NON-SUBSCRIBER

19. During the relevant time period, Defendant Ryder elected to not obtain worker's compensation insurance coverage, and therefore, Defendant Ryder was a non-subscriber to the Texas worker's compensation insurance system.

20. In Texas, if an employer elects not to obtain worker's compensation insurance coverage, the employer is barred from asserting certain common law defenses against an employee in a negligence suit.

21. More specifically, in Texas non-subscribing employers are *not* allowed to assert the following defenses to a negligence action:

   (1) the employee was guilty of contributory negligence;

   (2) the employee assumed the risk of injury or death; or

   (3) the injury or death was caused by the negligence of a fellow employee.

   TEX. LAB. CODE ANN. § 406.033(a)(Vernon 2006).

22. As a result, Defendants may not assert as a defense in this matter that Plaintiff was contributorily negligent, assumed the risk of injury or that his injuries were caused by the negligence of a fellow employee(s).

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT TRUE VALUE

23. Defendant True Value and/or their employee(s) knew or should have known of the danger that existed when there are pallets with overloaded and/or double-stacked goods, especially with heavy items.

24. Further, Defendant True Value and/or their employee(s) knew or should have known of the danger that existed by having contractors such as move heavy items without the use of proper equipment and the potential for an injury related to said act.

25. Defendant True Value and/or their employees had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

26. Plaintiff's injuries were proximately caused by the negligent, careless and reckless disregard of said duty by Defendant True Value and/or their employee(s).

27. The negligent, careless and reckless disregard of duty by Defendant True Value and/or their employee(s) consisted of, but is not limited to, the following acts and omissions:

In failing to adequately train their employees;

    a. In failing to properly train their employees;

    b. In failing to supervise their employees;

    c. In ignoring their responsibilities for the safety of others;

    d. In failing to establish and implement proper loading procedures and/or safeguards; and,

    e. In overloading and/or double-stacking a pallet with heavy goods.

28. Each of such acts and omissions by Respondents, singularly or in combination with others, constituted negligence which proximately caused the injuries which Claimant suffered.

### DAMAGES FOR PLAINTIFF

29. As a direct and proximate result of the occurrence made the basis of this action, and one or more of the acts of Defendant as described herein, Plaintiff proximately suffered bodily injuries, and endured anxiety, pain, and illness resulting in damages more fully set forth below.

30. As a direct and proximate result of the occurrence made the basis of this action, Plaintiff has incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in McLennan County and other Texas counties in which they were incurred;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future by Plaintiff;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering in the future;

    e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish which, in all probability, will be incurred in the future;

i. Lost wages in the past; and,

j. Loss of wage earning capacity in the future;

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF ZIMMERMAN, ZIMMERMAN, COTNER, LEJEUNE, RESSETAR & BENNETT
A Professional Corporation
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (fax)

BY: _____
Gavin M. Lane
State Bar No. 24091297
glane@zlawhelp.com

**ATTORNEYS FOR PLAINTIFF**

JUN 2 2 2018